1
2
3
4
5

# UNITED STATES DISTRICT COURT

6

## EASTERN DISTRICT OF CALIFORNIA

7
8

GREG JOHNSON,                                  CV F   03 6241 AWI SMS P

9
                           Plaintiff,
                                               ORDER DISMISSING SECOND AMENDED
10          v.                                 COMPLAINT WITH LEAVE TO AMEND
                                               (Doc. 23.)
11
12      RAWERS, et. a.,

13                         Defendants.
        _____/

14
15          Greg Johnson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in

16      this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the instant action in the

17      U.S. District Court for the Northern District of California.  The case was subsequently transferred

        and received by this Court on September 12, 2003.

18
            On August 19, 2004, the Court dismissed the Complaint with leave to amend.  Plaintiff

19      filed a First Amended Complaint on November 18, 2004.  A second Amended Complaint was

20      filed by Plaintiff on February 3, 2005.  Although the Court did not grant Plaintiff specific

21      permission to file the Second Amended Complaint, the Court will screen this Complaint.

22      **A. SCREENING REQUIREMENT**

23          The court is required to screen complaints brought by prisoners seeking relief against a

24      governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

25      court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

26      "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

27      monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

28

1

1   "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

2   dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

3   claim upon which relief may be granted."   28 U.S.C. § 1915(e)(2)(B)(ii).

4        A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

5   which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

6   support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding,

7   467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v.

8   Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

9   complaint under this standard, the court must accept as true the allegations of the complaint in

10   question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the

11   pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.

12   Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

13   **B.  SUMMARY OF COMPLAINT**

14        It is unclear where the events at issue occurred.  Plaintiff names several Defendants and is

15   seeking monetary relief.  Because the Complaint consists of a giant narrative of numerous events

16   which have occurred that Plaintiff feels violate his rights, the Court will address each claim for

17   relief and the facts alleged.

18   **C.  CLAIMS FOR RELIEF**

19        *1.  Linkage Requirement*

20        The Civil Rights Act under which this action was filed provides:

21        Every person who, under color of [state law] . . . subjects, or causes
to be subjected, any citizen of the United States . . . to the

22   deprivation of any rights, privileges, or immunities secured by the
Constitution . . . shall be liable to the party injured in an action at

23   law, suit in equity, or other proper proceeding for redress.

24   42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between

25   the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

26   Monell v.  Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

27   (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a

28

constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

Plaintiff fails to link Defendants Mendoza, Mitchell, Soto, Blakely, Leonard, Lagunez, Stewart and Molano to any acts or omissions giving rise to a constitutional violation.

### 2. *Rule 8(a)*

Plaintiff was informed previously that his Complaint must satisfy the requirement of Federal Rule of Civil Procedure 8(a), which calls for a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a).  However, Plaintiff did not comply.  Plaintiff's Second Amended Complaint is a total of fifty (50) pages long including attachments.  The Complaint itself is twenty-two pages long and consists of a lengthy narrative, much of which is unintelligible because Plaintiff cites to numerous legal authorities and uses legal jargon.  Rule 8(a) expresses the principle of notice-pleading, whereby the pleader need only give the opposing party fair notice of a claim.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Rule 8(a) does not require an elaborate recitation of every fact a plaintiff may ultimately rely upon at trial, but only a statement sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Id. at 47.

In amending the Complaint yet again, Plaintiff should take care to provide only the relevant facts to support a claim for relief and refrain from using legal jargon or citing to legal authorities.  As noted above, this is the pleading stage of the proceedings and all that is required is sufficient information to put the Defendants on "notice" of what Plaintiff's claims are and what the facts are that support them.

### 3. *Disciplinary Finding*

Plaintiff alleges that his Due Process rights were violated because Defendants Beasley and Warden Rawers found him guilty of a rules violation but overlooked regulations that state

points should not be assessed for possession of a commonly available object.  (Unmarked pg. 7, Second Amended Complaint.)  Plaintiff states as a result of the erroneous finding, he was assessed forfeiture of 260 days credit and now has 16 offense points.  Plaintiff also references Defendant Valencia as the person who apprehended him.

Plaintiff's claim stems from the issuance of the Rules Violation Report and the subsequent finding of guilt.  As noted above, as punishment, Plaintiff was assessed a credit loss which affects the length of Plaintiff's sentence.  Where, as here, "success in a . . . [section] 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence."  Muhammad v. Close, 540 U.S. 749, 751, 124 S.Ct. 1303, 1304 (2004) (citing Heck v. Humphrey, 512 U.S. 477 (1994)); Edwards v. Balisok, 520 U.S. 641, 648 (1997) (applying Heck to a prison disciplinary hearing where good-time credits were affected).  Because the punishment imposed at the disciplinary hearing affects the duration of Plaintiff's sentence, Plaintiff's cannot raise his due process claim in a Section 1983 action until such time as he invalidates the result of the disciplinary hearing.[1] Id.

### 4. Eighth Amendment

Plaintiff complains next that Defendants Rouhouser and Buttle knew Plaintiff was on "hot meds" and placed him in the "hot" showers rather than the "cold" showers which are used for inmates who are on this medication. (Unmarked pg. 10, Second Amended Complaint.) Plaintiff alleges that the Defendants to deliberately indifferent to his safety.

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain."  Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and

---

[1]Plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.  Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364 (1994).

1  personal safety.  Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v.

2  Ray, 682 F.2d 1237, 1246 (9th Cir. 1982).  Where a prisoner alleges injuries stemming from

3  unsafe conditions of confinement, prison officials may be held liable only if they acted with

4  "deliberate indifference to a substantial risk of serious harm."  Frost v. Agnos, 152 F.3d 1124,

5  1128 (9th Cir. 1998).

6        "What is necessary to show sufficient harm for purposes of the Cruel and Unusual

7  Punishment Clause depends upon the claim at issue . . . ."  Hudson v. McMillian, 503 U.S. 1, 8

8  (1992).  "The objective component of an Eighth Amendment claim is . . . contextual and

9  responsive to contemporary standards of decency."  Id. at 8 (quotations and citations omitted).

10  "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-

11  confinement claim."  Id. at 9 (citation omitted).  With respect to this type of claim, "[b]ecause

12  routine discomfort is part of the penalty that criminal offenders pay for their offenses against

13  society, only those deprivations denying the minimal civilized measure of life's necessities are

14  sufficiently grave to form the basis of an Eighth Amendment violation."  Id.

15        The Court finds Plaintiff alleges facts sufficient to state a cognizable Eighth Amendment

16  claim against Defendants Rouhouser and Buttle.

17        ***5.  Eighth Amendment - Medical Claim***

18        Here, Plaintiff alleges that while Defendant White was distributing medications, he/she

19  used "provacative [sic] oral justures [sic] and perferst [sic] verbiage."   In addition, his

20  medications were crushed on orders of Defendant Dr. Church because it was alleged Plaintiff

21  was refusing to swallow his medication.  (Unmarked at 11, Second Amended Complaint.)

22  Plaintiff states this caused him to feel "depression, nosia [sic] and anxiety" and violated state

23  regulations and his Eighth Amendment rights.

24        A prisoner's claim of inadequate medical care does not constitute cruel and unusual

25  punishment unless the mistreatment rises to the level of "deliberate indifference to serious

26  medical needs."  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  The "deliberate indifference"

27  standard involves an objective and a subjective prong.  First, the alleged deprivation must be, in

28  objective terms, "sufficiently serious."  Farmer v. Brennan, 511 U.S. 825, 834 (1994) (*citing*

1   Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  Second, the prison official must act with a

2   "sufficiently culpable state of mind," which entails more than mere negligence, but less than

3   conduct undertaken for the very purpose of causing harm.  Farmer v. Brennan, 511 U.S. at 837.

4   A prison official does not act in a deliberately indifferent manner unless the official "knows of

5   and disregards an excessive risk to inmate health or safety."  Id.

6          In applying this standard, the Ninth Circuit has held that before it can be said that a

7   prisoner's civil rights have been abridged, "the indifference to his medical needs must be

8   substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this

9   cause of action."  Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing

10  Estelle, 429 U.S. at 105-06.  "[A] complaint that a physician has been negligent in diagnosing or

11  treating a medical condition does not state a valid claim of medical mistreatment under the

12  Eighth Amendment.  Medical malpractice does not become a constitutional violation merely

13  because the victim is a prisoner."  Estelle v. Gamble, 429 U.S. at 106; see also Anderson v.

14  County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050

15  (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136

16  (9th Cir. 1997) (en banc).  Even gross negligence is insufficient to establish deliberate

17  indifference to serious medical needs.  See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir.

18  1990).

19         Plaintiff's allegations are insufficient to state a claim for relief under the Eighth

20  Amendment.  First, mere verbal harassment or abuse, including the use of racial epithets, does

21  not violate the Constitution and, thus, does not give rise to a claim for relief under 42 U.S.C.

22  § 1983.  Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987).

23         In addition, Plaintiff's allegations that his medication were administered in a crushed

24  form causing him to feel depressed, anxious and nauseous does not state a claim for relief under

25  the Constitution.  The Prison Litigation Reform Act provides that "[n]o Federal civil action may

26  be brought by a prisoner confined in jail, prison, or other correctional facility, for mental and

27  emotional injury suffered while in custody without a prior showing of physical injury."  42

28  U.S.C. § 1997e(e).  The physical injury "need not be significant but must be more than de

6

1   *minimis*." Oliver v. Keller, 289 F.3d 623, 627 (9th Cir. 2002).  The physical injury requirement

2   applies only to claims for mental or emotional injuries and does not bar claims for compensatory,

3   nominal, or punitive damages.  Id. at 630.

4         Accordingly, the Second Amended Complaint fails to state a claim for relief against

5   Defendants Church and White and must be dismissed.

6         ***6.  Mail Interference***

7         Plaintiff alleges that Defendant Bryant failed to mail his Application to Proceed In Forma

8   Pauperis in to the federal court causing a delay in processing his application.  Plaintiff further

9   alleges that "legal mail" from the Inmate Appeals office was opened and that "they" failed to

10  investigate the matter, and his appeal was not answered.

11        Prisoners enjoy a First Amendment right to send and receive mail. See Witherow v. Paff,

12  52 F.3d 264, 265 (9th Cir.1995) (*citing* Thornburgh v. Abbott, 490 U.S. 401, 407 (1989)).  But a

13  prison may adopt regulations or practices which impinge on a prisoner's First Amendment rights

14  as long as the regulations are "reasonably related to legitimate penological interests." See Turner

15  v. Safley, 482 U.S. 78, 89 (1987).  The Turner standard applies to regulations and practices

16  concerning all correspondence between prisoners and to regulations concerning incoming mail

17  received by prisoners from non-prisoners. See Thornburgh, 490 U.S. at 413. The inspection for

18  contraband of non-legal mail does not violate a prisoner's constitutional rights. See Witherow, 52

19  F.3d at 265-66 (upholding inspection of outgoing mail); Smith v. Boyd, 945 F.2d 1041, 1043

20  (8th Cir.1991) (upholding inspection of incoming mail); Gaines v. Lane, 790 F.2d 1299, 1304

21  (7th Cir.1986) (upholding inspection of outgoing and incoming mail).  Legal mail must be

22  treated more cautiously, but prison officials may institute procedures for inspecting "legal mail,"

23  e.g., mail sent between attorneys and prisoners, see Wolff v. McDonnell, 418 U.S. 539, 576-77

24  (1974) (incoming mail from attorneys).  The opening and inspecting of "legal mail" outside the

25  presence of the prisoner may have an impermissible "chilling" effect on the constitutional right to

26  petition the government. See O'Keefe v. Van Boening, 82 F.3d 322, 327 (9th Cir.1996) (*citing*

27  Lair v. Taum, 408 U.S. 1, 11 (1972)); *but cf*. Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir.1996),

28  *amended,* 135 F.3d 1318 (9th Cir.1998) (prison officials may open and inspect mail to prisoner

1    from courts outside prisoner's presence because mail from courts is not "legal mail"); <u>Royse v.</u>

2    <u>Superior Court</u>, 779 F.2d 573, 574-75 (9th Cir.1986) (mail to prisoners to court).

3         As in the prior Complaints, Plaintiff fails to allege facts sufficient to give rise to a

4    constitutional violation.  That Plaintiff experienced a delay in his outgoing mail is insufficient to

5    give rise to a constitutional violation.  Accordingly, Plaintiff does not state a cognizable claim for

6    relief against Defendant Bryant.

7         With respect to the opening of an inmate appeal, "[g]rievance mail" is not considered

8    "legal mail." <u>See</u> <u>O'Keefe</u>, 82 F.3d at 325-327.  Prison mailroom employees may open and read

9    grievances sent by a prisoner to state agencies outside the prisoner's presence because such a

10   practice/policy furthers legitimate penological interests. <u>See</u> <u>id.</u> Accordingly, the Second

11   Amended Complaint does not allege facts that give rise to a constitutional violation.

12        ***7.  Access to Courts***

13        Plaintiff next alleges a denial of access to the Court's because he was not given Priority

14   Legal User ("PLU") status at the law library even though he had an pending cases in the Northern

15   and Eastern Districts of California and inmate appeals.   Plaintiff contends that had the librarian

16   contacted the Court, she would have seen he had a current case opened and should have then

17   been given PLU status.  Plaintiff also alleges he was overcharged for copies.

18        Inmates have a fundamental constitutional right of access to the courts.  <u>Lewis v. Casey</u>,

19   518 U.S. 343, 346 (1996).  The right of access is merely the right to bring to court a grievance the

20   inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil

21   rights actions.  <u>Id</u>. at 354.  The State is not required to enable the inmate to discover grievances

22   or to litigate effectively once in court.  <u>Id</u>.

23        Inmates do not have the right to a law library or legal assistance.  <u>Id</u>. at 351.  Law libraries

24   and legal assistance programs are only the means of ensuring access to the courts.  <u>Id</u>.  Because

25   inmates do not have "an abstract, freestanding right to a law library or legal assistance, an inmate

26   cannot establish relevant actual injury by establishing that his prison's law library or legal

27   assistance program is subpar in some theoretical sense." <u>Id</u>.  Rather, an inmate claiming

28   interference with or denial of access to the courts must show that he suffered an actual injury.  <u>Id</u>.

1    Plaintiff has alleged insufficient facts to give rise to a claim for relief for either his PLU

2    status claim or being overcharged for copies.

3        ***8. Supervisory Liability***

4    Finally, Plaintiff makes a conclusory allegation that all Defendants named who are

5    supervisors violated his rights.  Plaintiff then discusses the prison disciplinary finding again

6    contending that an investigation into the type of object he had was or was not a weapon.

7    Plaintiff has been previously informed that supervisory personnel are generally not liable

8    under Section 1983 for the actions of their employees under a theory of respondeat superior.

9    Thus, when a named defendant holds a supervisorial position, the causal link between him and

10   the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d

11   858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*,

12   442 U.S. 941 (1979).

13   To state a claim for relief under Section 1983 based on a theory of supervisory liability,

14   Plaintiff must allege some facts that would support a claim that supervisory Defendants either:

15   personally participated in the alleged deprivation of constitutional rights; knew of the violations

16   and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the

17   policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the

18   constitutional violation.'"  Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (*internal citations*

19   *omitted*); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Although federal pleading

20   standards are broad, some facts must be alleged to support claims under section 1983.  See

21   Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

22   Here, Plaintiff provides only a conclusion that all Defendants who are supervisors are

23   liable.  This is insufficient to give rise to a constitutional claim, however.  Accordingly, this

24   claim too must be dismissed.

25   **D.  CONCLUSION AND ORDER**

26   The Court finds Plaintiff's Complaint states only a cognizable Eighth Amendment claim

27   against Defendants Rouhouser and Buttle.  However, Plaintiff's Complaint does not contain any

28   other cognizable claims for relief against any of the Defendants.  As such, the Court will grant

1  Plaintiff this *final* opportunity to amend the Complaint to cure the deficiencies, or, in the

2  alternative, notify the Court in writing whether Plaintiff intends to proceed directly with those

3  claims found to be cognizable.  Plaintiff should note that Local Rule 15-220 requires that an

4  Amended Complaint be complete in itself without reference to prior pleadings.

5          In the event Plaintiff wishes to proceed on the cognizable claims, the Court will issue

6  Findings and Recommendations to dismiss those claims not cognizable.  The Court will then

7  forward Plaintiff a summons and USM-285 form to fill out and return to the Court in order to

8  effect service on the Defendants.  Upon the return of these forms, the Court will direct the US

9  Marshal to initiate service of process on Defendants.

10         Based on the foregoing, it is HEREBY ORDERED that:

11     1.      The Clerk of Court is DIRECTED to SEND Plaintiff a blank civil rights

12             complaint form;

13     2.      The Complaint is DISMISSED with leave to amend.  Within THIRTY (30) days

14             from the date of service of this order, Plaintiff SHALL either:

15         a.      File a THIRD Amended Complaint curing the deficiencies identified by

16                 the Court in this Order, or

17         b.      Notify the Court in writing that he does not wish to file a Third Amended

18                 Complaint and instead wishes to proceed on the cognizable claims for

19                 relief set forth in this Order.

20         Plaintiff is forewarned that his failure to comply with this Order may result in a

21  Recommendation that the Complaint be dismissed pursuant to Local Rule 11-110.

22  IT IS SO ORDERED.

23  **Dated:    April 12, 2006**            **/s/ Sandra M. Snyder**
    icido3                        UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28