# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREG JOHNSON, | CV F   03 6241 AWI SMS P |
| Plaintiff, | FINDINGS AND RECOMMENDATION TO DISMISS UNCOGNIZABLE CLAIMS AND TO ALLOW SERVICE ON COGNIZABLE CLAIMS. |
| v. | |
| | (Doc. 31) |
| RAWERS, et. al., | |
| Defendants. | |

**I.    Screening Order(s)**

Greg Johnson ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the instant action in the U.S. District Court for the Northern District of California. The case was subsequently transferred and received by this Court on September 12, 2003.

On August 19, 2004, the Court dismissed the complaint with leave to amend. Plaintiff filed a first amended complaint on November 18, 2004. A second amended complaint was filed by Plaintiff on February 3, 2005. Although the Court did not grant plaintiff specific permission to file the second amended complaint, the Court screened it. On April 12, 2006, the Court dismissed plaintiff's second amended complaint with leave to amend. Plaintiff filed his third amended complaint on July 7, 2006.

**A.    Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

1

court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B.     Summary of Plaintiff's Third Amended Complaint**

It is unclear where the events at issue occurred.  Plaintiff seeks monetary relief and names the following defendants at the beginning of his third amended complaint: Warden Scott P. Rawers; K. Mendoza; Facility Capt. J.M. Beasely; M.C. Mitchell; Lieutenants J.D. Soto and Molano; J.J. Blakely; Sergeants Romero and Stewart; A. Valencia; Dr. Lenard; Dr. Church; C.C.I. Counselor Bryant; Correctional Officers Rouhouser, Buttle, and Fagunez.  Yet, plaintiff alleges claims for violation of his constitutional rights: (1) to Due Process against Warden Scott P. Rawers, Capt. Beasley, Watson, and Valencia; (2) for conditions of confinement against C.O.'s Rouhouser and Buttle; (3) for deliberate indifference to his serious medical needs against MTA White, Dr. Church, and Dr. Lenard, (and for the processing of his related inmate appeal against Supv. MTA Luft); (4) for interference with his mail against C.C.I. Bryant, the Trust Office, and C.O. Ronhouser (and for the processing of his related inmate appeal against Appeals Coordinator R. Wilson, Sergeant T. Johnson); (5) for denial of access to the courts via PLU

status and use of the law library against R.A. Braly, R. Bien, and Armiso; and (6) for supervisorial actions against defendants Scott P. Rawers, Chief Deputy Warden K. Mendoza, Assoc. D.O. Sedley, Ad Seg Warden Lonnie Watson, Facility Capt. J.M. Beasley, M.L. Mitchell, J.J. Blakley, CCI Bryant, Sgt. Romero, Sgt. Stweart, C.O. Butal and C.O. Rouhouser.

Plaintiff's claims in his third amended complaint are not at all clear as they are not set forth in chronological order, and are peppered with incomplete legal citations, argument, and jargon.

### 1.  **Plaintiff's Claims for Relief**

#### a. *Linkage Requirement*

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

Plaintiff fails to link defendants J.D. Soto, C.O. Fagunez, and Molano to any acts or omissions giving rise to a constitutional violation.  Thus, plaintiff's claims against these defendants fail.

#### b. *Rule 8(a)*

1    Plaintiff was informed previously that his complaint must satisfy the requirement of
Federal Rule of Civil Procedure 8(a), which calls for a "short and plain statement of the claim
showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). However, plaintiff once again
did not comply. The third amended complaint is nineteen pages long with no attachments, and
consists of a lengthy narrative, much of which is once again unintelligible because of plaintiff's
attempts to use legal cites, argument, and jargon. Rule 8(a) expresses the principle of
notice-pleading, whereby the pleader need only give the opposing party fair notice of a claim.
Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Rule 8(a) does not require an elaborate recitation
of every fact a plaintiff may ultimately rely upon at trial, but only a statement sufficient to "give
the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Id.
at 47.

### c. *Due Process Violation(s)*

Plaintiff alleges that his Due Process rights were violated because defendants Beasley, Rawers, and Watson found him guilty of a rules violation but overlooked regulations that points should not be assessed for possession of a commonly available object. As a result of the erroneous finding, plaintiff was assessed both 16 offense points and a forfeiture of 360 days of credit. Plaintiff references defendant Valencia as the person who apprehended him. Doc. 31, pp. 6-8.

Plaintiff's claim stems from the issuance of the Rules Violation Report and the subsequent finding of guilt with assessment of a credit loss which affects the length of his sentence. As stated in the Court's prior screening order, where, as here, "success in a . . . [section] 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." Muhammad v. Close, 540 U.S. 749, 751, 124 S.Ct. 1303, 1304 (2004) (*citing* Heck v. Humphrey, 512 U.S. 477 (1994)); Edwards v. Balisok, 520 U.S. 641, 648 (1997) (applying Heck to a prison disciplinary hearing where good-time credits were affected). Because the punishment imposed at the disciplinary hearing affects the duration of plaintiff's sentence, plaintiff cannot raise Due Process

4

claims in a Section 1983 action until he invalidates the disciplinary hearing results.[1] Id. Thus, plaintiff has failed to state a cognizable claim against defendants Beasley, Rawers, Watson and Valencia for violation of his constitutional rights to due process.

### d.    *Eighth Amendment – Conditions of Confinement*

Plaintiff complains next that defendants Rouhouser and Buttle knew plaintiff was on "heat medication" and were deliberately indifferent when they placed him in the "scalding hot showers," rather than the "cold" showers which are used for inmates who are on this type of medication, and thereafter placed him back in his cell where he was exposed to "unnatural air circulated conditions." Doc. 31, pg. 9.

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishment Clause depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. at 8 (quotations and citations omitted). "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim." Id. at 9 (citation omitted). With respect to this type of claim, "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against

---

[1] Plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364 (1994).

5

society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Id.

The Court finds plaintiff alleges facts sufficient to state a cognizable Eighth Amendment claim against defendants Rouhouser and Buttle.

### e. *Eighth Amendment - Medical Claim*

Plaintiff alleges that while distributing medications, defendant White sexually harassed plaintiff via "provacative [sic] oral justures [sic] and perferst [sic] verbiage" (i.e. by instructing plaintiff to lift his tongue and whirl it around, and to open his mouth wider in a loud voice such that other inmates could hear it).  In addition, defendant White had plaintiff's medications crushed on orders of defendant Dr. Church because defendant White indicated that plaintiff refused to swallow his medication.  Plaintiff alleges defendant Luft "leisurely denied" his appeal on this medication issue.  Plaintiff states this caused him to feel "depression, nosia [sic] and anxiety as well as ... paranoia."  Plaintiff further alleges that defendant White attempted to get plaintiff's medication stopped to cause further psychological damage to prevent plaintiff from activities in the court and to try to get plaintiff to voluntarily stop participating in the "mental health delivery system."  Plaintiff also alleges that defendants Dr. Church and Dr. Lenar denied him weekly psychological therapy sessions and "remiedial [sic] alternative methods." Doc. 31, pg. 10-13.

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976).  The "deliberate indifference" standard involves an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (*citing* Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm. Farmer v. Brennan, 511 U.S. at 837. A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Id.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), *citing* Estelle, 429 U.S. at 105-06. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050 (9th Cir. 1992), *overruled on other grounds*, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

In addition, Plaintiff's allegations that his medication were administered in a crushed form causing him to feel depressed, anxious, nauseous, and paranoid do not state a cognizable claim for relief under the Constitution. The Prison Litigation Reform Act provides that "[n]o Federal civil action may be brought by a prisoner confined in jail, prison, or other correctional facility, for mental and emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The physical injury "need not be significant but must be more than *de minimis*." Oliver v. Keller, 289 F.3d 623, 627 (9th Cir. 2002). The physical injury requirement applies only to claims for mental or emotional injuries and does not bar claims for compensatory, nominal, or punitive damages. Id. at 630.

Also, mere verbal harassment or abuse, including the use of racial epithets, does not violate the Constitution and, thus, does not give rise to a claim for relief under 42 U.S.C. § 1983. Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987).

Accordingly, plaintiff has failed to state cognizable claims against defendants Dr. Church, Dr. Lenard, and White for deliberate indifference to his serious medical needs.

    **(1)**  ***Defendant Luft's "Leisurely Denial" of Medications Appeal***

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." Sandin v. Conner, 515 U.S. 472, 483-84 (1995). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484.

"[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez v. DeRobertis, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action. Buckley, 997 F.2d at 495.

Thus, plaintiff's allegations regarding defendant Luft's "leisurely denial" of his appeal regarding interference with his medications do not state a cognizable claim against defendant Luft.

    **f.**  *Mail Interference*

Plaintiff alleges that defendant Bryant failed to mail his Application to Proceed In Forma Pauperis in to the federal court causing a delay in processing his application. Plaintiff further alleges that his "confidential mail" from the Inmate Appeals Office was opened and that defendant Johnson failed to investigate and defendant Wilson did not answer his appeal. Doc. 31, pp. 14-15. Finally plaintiff alleges that defendant Rouhouser caused a one week delay of

8

1  plaintiff's mail to the California Appellate Court(s). Doc. 31, pg. 17.

2  Prisoners enjoy a First Amendment right to send and receive mail. See Witherow v. Paff,
3  52 F.3d 264, 265 (9th Cir.1995) (*citing* Thornburgh v. Abbott, 490 U.S. 401, 407 (1989)). But a
4  prison may adopt regulations or practices which impinge on a prisoner's First Amendment rights
5  as long as the regulations are "reasonably related to legitimate penological interests." See Turner
6  v. Safley, 482 U.S. 78, 89 (1987). The Turner standard applies to regulations and practices
7  concerning all correspondence between prisoners and to regulations concerning incoming mail
8  received by prisoners from non-prisoners. See Thornburgh, 490 U.S. at 413. The inspection for
9  contraband of non-legal mail does not violate a prisoner's constitutional rights. See Witherow, 52
10 F.3d at 265-66 (upholding inspection of outgoing mail); Smith v. Boyd, 945 F.2d 1041, 1043
11 (8th Cir.1991) (upholding inspection of incoming mail); Gaines v. Lane, 790 F.2d 1299, 1304
12 (7th Cir.1986) (upholding inspection of outgoing and incoming mail). Legal mail must be
13 treated more cautiously, but prison officials may institute procedures for inspecting "legal mail,"
14 e.g., mail sent between attorneys and prisoners, see Wolff v. McDonnell, 418 U.S. 539, 576-77
15 (1974) (incoming mail from attorneys). The opening and inspecting of "legal mail" outside the
16 presence of the prisoner may have an impermissible "chilling" effect on the constitutional right to
17 petition the government. See O'Keefe v. Van Boening, 82 F.3d 322, 327 (9th Cir.1996) (*citing*
18 Lair v. Taum, 408 U.S. 1, 11 (1972)); *but cf*. Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir.1996),
19 *amended,* 135 F.3d 1318 (9th Cir.1998) (prison officials may open and inspect mail to prisoner
20 from courts outside prisoner's presence because mail from courts is not "legal mail"); Royse v.
21 Superior Court, 779 F.2d 573, 574-75 (9th Cir.1986) (mail to prisoners to court).

22 As in the prior complaints, plaintiff fails to allege facts sufficient to give rise to a
23 constitutional violation. A delay in plaintiff's outgoing mail is insufficient to give rise to a
24 constitutional violation. Thus, Plaintiff does not state a cognizable claim for relief against
25 defendants Bryant, Rouhouser, and the Trust Office.

26  **(1)  *Opening of Plaintiff's Inmate Appeal***

27 With respect to the opening of an inmate appeal, "[g]rievance mail" is not considered
28 "legal mail." See O'Keefe, 82 F.3d at 325-327. Prison mailroom employees may open and read

grievances sent by a prisoner to state agencies outside the prisoner's presence because such a practice/policy furthers legitimate penological interests. See id. Accordingly, plaintiff has failed to state a cognizable claim for the opening of his "confidential mail" from the Inmate Appeals Office.

Plaintiff claims against defendants Wilson and Johnson also fail since actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action. Buckley, 997 F.2d at 495.

### g. *Access to Courts*

Plaintiff next alleges a denial of access to the court's because Braly denied plaintiff Priority Legal User ("PLU") status at the law library even though he had an pending cases in the Northern and Eastern Districts of California and inmate appeals. Plaintiff further alleges that, had defendant Armiso contacted the Court(s), she would have discovered that he had a current case opened and that plaintiff should have then been given PLU status. Plaintiff also alleges defendant Bien overcharged him for copies and legal supplies. Doc. 31, pp. 15-16.

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996). The right of access is merely the right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354. The State is not required to enable the inmate to discover grievances or to litigate effectively once in court. Id.

Inmates do not have the right to a law library or legal assistance. Id. at 351. Law libraries and legal assistance programs are only the means of ensuring access to the courts. Id. Because inmates do not have "an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." Id. Rather, an inmate claiming interference with or denial of access to the courts must show that he suffered an actual injury. Id.

Plaintiff has failed to state cognizable constitutional claim(s) against defendants Braley, Armiso, and Bien regarding his PLU status claim and overcharges for copies.

### h. *Supervisorial Liability*

10

1    Finally, Plaintiff makes a conclusory allegation that defendants Scott P. Rawers, Chief
2 Deputy Warden K. Mendoza, Assoc. D.O. Sedley, Ad Seg Warden Lonnie Watson, Facility Capt.
3 J.M. Beasley, M.L. Mitchell, J.J. Blakley, CCI Bryant, Sgt. Romero, Sgt. Stweart, C.O. Butal and
4 C.O. Rouhouser had duties: (1) to consider his rights under the Constitution; (2) not to deprive
5 plaintiff from prison provisions investigative reports and medical/mental health care
6 supplies/services; and (3) to prevent humiliation, aggravation and inducement of plaintiff's
7 psychological deficiencies so as to hinder plaintiff's efforts in the U.S. District Court.  Plaintiff
8 concludes his allegations with a statement that "none of the employee misconducts [sic] would
9 have accured [sic] if [he had not] been discriminated against for an alleged inmate manufactured
10 weapon had a proper investigation took [sic] place investigating that the weapon or sharp
11 instrument was altered by staff." Doc. 31, pg. 19.
12    Plaintiff has been previously informed that supervisory personnel are generally not liable
13 under Section 1983 for the actions of their employees under a theory of respondeat superior.
14 Thus, when a named defendant holds a supervisorial position, the causal link between the
15 defendant actor and the claimed constitutional violation must be specifically alleged. See Fayle
16 v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir.
17 1978), *cert. denied*, 442 U.S. 941 (1979).
18    To state a claim for relief under Section 1983 based on a theory of supervisory liability
19 Plaintiff must allege some facts that supervisory Defendants either: personally participated in the
20 alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent
21 them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation
22 of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v.
23 Black, 885 F.2d 642, 646 (9th Cir. 1989) (*internal citations omitted*); Taylor v. List, 880 F.2d
24 1040, 1045 (9th Cir. 1989).  Although federal pleading standards are broad, some facts must be
25 alleged to support claims under section 1983.  See Leatherman v. Tarrant County Narcotics Unit,
26 507 U.S. 163, 168 (1993).
27    Here, Plaintiff fails to state any facts to support his allegations for violation of
28 supervisorial duties against defendants Scott P. Rawers, Chief Deputy Warden K. Mendoza,

Assoc. D.O. Sedley, Ad Seg Warden Lonnie Watson, Facility Capt. J.M. Beasley, M.L. Mitchell, J.J. Blakley, CCI Bryant, Sgt. Romero, Sgt. Stewart, C.O. Butal and C.O. Rouhouser. Plaintiff's conclusory allegations against these defendants fail to state cognizable claims.

### i. *State Law Claims*

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997). "The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966).

## II.   **Findings and Recommendation**

The Court finds that Plaintiff's third amended complaint states the following cognizable claim(s) for relief against Rouhouser and Buttle for violation of plaintiff's Eighth Amendment right(s) regarding the conditions of his confinement.

Plaintiff's third amended complaint does not state any claims against any of the other named defendants.

Accordingly, based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action proceed on plaintiff's third amended complaint filed on July 7, 2006, against defendants Rouhouser and Buttle on plaintiff's Eighth Amendment claims regarding the conditions of his confinement.

2. Plaintiff's claims for violation of his constitutional rights (1) to Due Process against Warden Scott P. Rawers, Capt. Beasley, Watson, and Valencia; (2) for deliberate indifference to his serious medical needs

against MTA White, Dr. Church, and Dr. Lenard, (and for the processing of his related inmate appeal against Supv. MTA Luft); (3) for interference with his mail against C.C.I. Bryant, the Trust Office, and C.O. Ronhouser (and for the processing of his related inmate appeal against Appeals Coordinator R. Wilson, Sergeant T. Johnson); (4) for denial of access to the courts via PLU status and use of the law library against R.A. Braly, R. Bien, and Armiso; and (5) for dereliction of supervisorial duties against defendants Scott P. Rawers, Chief Deputy Warden K. Mendoza, Assoc. D.O. Sedley, Ad Seg Warden Lonnie Watson, Facility Capt. J.M. Beasley, M.L. Mitchell, J.J. Blakley, CCI Bryant, Sgt. Romero, Sgt. Stweart, C.O. Butal and C.O. Rouhouser be dismissed with prejudice for failure to state a claim under 42 U.S.C. § 1983;

3. Named defendants J.D. Soto, C.O. Fagunez, and Molano be dismissed with prejudice based on plaintiff's failure to state any factual allegations, and thus failure to state any cognizable claim(s) upon which relief may be granted against them.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v.Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   March 18, 2008**           /s/ Sandra M. Snyder
                                     UNITED STATES MAGISTRATE JUDGE